UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:16-CR-055 |
| | ) | |
| RICKY DALE MUNSEY | ) | |

# **MEMORANDUM AND ORDER**

The defendant has written to the Court requesting a form "to file a motion on the Amendment '782.'" [Doc. 943]. By such a motion, the defendant would ask the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G.").

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the present case, the defendant was not sentenced based on a guideline range that has since been lowered by the Sentencing Commission.

Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

This Court sentenced the defendant on August 10, 2017, *after* Amendment 782 went into effect. Amendment 782's reduced offense levels have already been applied in this case. [PSR ¶ 29]. Thus, the defendant's guideline range has not been lowered as a result of Amendment 782's revision of the sentencing guidelines' § 2D1.1 Drug Quantity Table, and for that reason he is ineligible for § 3582(c)(2) relief.

Further, the defendant was determined to be a career offender under U.S.S.G. § 4B1.1(a). [PSR § 36]. Because the defendant's sentence was based on the career offender guideline rather than U.S.S.G. § 2D1.1, he is ineligible for a sentence reduction. *See, e.g., United States v. Riley*, 726 F.3d 756, 761 (6th Cir. 2013) (A defendant whose "sentence was not 'based on' § 2D1.1 . . . is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)[.]").

For all these reasons, the defendant's *pro se* request [doc. 943] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge